[Cite as *DCR, Mtge. IV SUB I, L.L.C. v. Hines Invests., L.L.C.*, 2013-Ohio-1970.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DCR, MORTGAGE IV SUB I, LLC | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| HINES INVESTMENTS, LLC, ET AL. | : | Case No. 12-CA-37 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 10 CV 1142

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        May 13, 2013

APPEARANCES:

For Plaintiff-Appellee        For Defendants-Appellants

TAMI HART KIRBY        SUSAN GWINN
WILLIAM G. DEAS        86 Columbus circle
WALTER REYNOLDS        Suite 101
One South Main Street        Athens, OH  45701
Suite 1600
Dayton, OH  45402

*Farmer, J.*

{¶1}　On July 21, and November 12, 2003, appellants, Hines Investments, LLC, Gary Hines, and Pamela Hines, executed four cognovits promissory notes and mortgages with Oak Hill Banks.　They were secured by a property located in Fairfield County, Ohio and three properties located in Athens County, Ohio.　On November 26, 2007, the notes and mortgages were assigned to appellee, DCR, Mortgage IV Sub I, LLC.　On September 13, 2010, appellee filed a complaint in foreclosure for failure to pay on the notes and mortgages.

{¶2}　On June 6, 2011, appellants filed a motion for summary judgment, claiming appellee was not the real party in interest.　Appellants argued appellee had assigned the notes and mortgages to Wells Fargo Foothill, LLC back in November of 2007.　The assignments were recorded in January of 2009.　On December 5, 2011, appellee filed a motion for summary judgment on the notes and mortgages.　By memorandum of decisions filed April 16, 2012, the trial court granted appellee's motion and denied appellants' motion.　A judgment entry and decree of foreclosure was filed on May 1, 2012, and an amended entry pertaining to parties not pertinent to this appeal was filed on June 15, 2012.

{¶3}　Appellants filed an appeal and this matter is now before this court for consideration.　Assignment of error is as follows:

I

{¶4}　"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR THE PLAINTIFF/APPELLEE, DCR, MORTGAGE IV SUB I, LLC AND NOT DISMISSING PLAINTIFF/APPELLEE'S COMPLAINT."

I

{¶5}   Preliminarily, appellee raises the issue of whether this is a timely appeal. Pursuant to App.R. 4, "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."

{¶6}   Appellee argues a memorandum of decisions was filed on April 16, 2012 with instructions to appellee and other defendants to prepare a joint judgment entry reflecting the trial court's ruling within fourteen days.  On May 1, 2012, the trial court filed a judgment entry and decree of foreclosure containing the specific language "that there was no just cause for delay."

{¶7}   On June 15, 2012, the trial court filed an entry amending the April 16, 2012 memorandum of decisions and the May 1, 2012 judgment entry and decree of foreclosure.  Included in this entry was the following specific language:

The Court notes that its intention with respect to the Memorandum of Decisions and subsequent Entry was to resolve all outstanding motions and any and all claims and defenses of the parties in this action.  The Memorandum of Decisions inadvertently failed to issue a decision upon the Hines Defendants' Motion to File an amended Answer, Cross-Claim and Counter-Claim against Smith and Crickets.  Said Motion was opposed by Crickets and Smith.  For good cause shown, the Hines Defendants' Motion for Leave is **DENIED**.  Any other motions filed by the parties not

addressed in the Memorandum of Decisions, the Entry dated May 1, 2012, or this Entry are hereby **DENIED** as well. The intention of this Entry is to render all orders final appealable orders disposing of all claims and defenses of all parties in this matter.

{¶8} We find the notice of appeal filed on July 13, 2012 was timely as errors existed in the original judgment entry.

{¶9} Appellants claim the trial court erred in granting summary judgment to appellee as appellee failed to establish it was the holder of the notes and mortgages, appellee was not the real party in interest and lacked standing to bring the foreclosure action, appellee failed to join Wells Fargo as a necessary party, and foreclosure was precluded under the theory of promissory estoppel. We disagree.

{¶10} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is

made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶11} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

{¶12} Appellants claim appellee is not the holder of the notes and mortgages because of the assignments to Wells Fargo; therefore, appellee is not the real party in interest and lacks standing to bring the foreclosure action.  R.C. 1303.31 governs person entitled to enforce instrument.  Subsection (A) states the following:

(A) "Person entitled to enforce" an instrument means any of the following persons:

(1) The holder of the instrument;

(2) A nonholder in possession of the instrument who has the rights of a holder;

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

{¶13} Appellants argue appellee's motion for summary judgment does not establish it is the holder of the notes and mortgages or that Wells Fargo is not the real party in interest to the foreclosure action as a result of the assignments.

{¶14} Attached to appellee's December 5, 2011 summary judgment motion is the affidavit of its senior vice-president, John Savage, wherein he averred the following:

3. Plaintiff is the owner and holder of Note One dated November 12, 2003, Mortgage One dated December 31, 2007, Note Two dated July 21, 2003, Mortgage Two dated July 21, 2003, Note Three dated July 21, 2003, Mortgage Three dated July 21, 2003, Note Four dated July 21, 2003, and Mortgage Four dated July 21, 2003 as further described in the Complaint in this case. True and accurate copies of the Notes and Mortgages are attached to the Complaint. (Footnote omitted.)

4. The Notes and Mortgages have been assigned from The Oak Hill Banks to Plaintiff by virtue of various Allonges and Assignments. True and accurate copies of the Allonges and Assignments are attached to the Complaint.

{¶15} Attached to the complaint are copies of the notes and mortgages and allonges and assignments to appellee, averred as true and accurate copies by Mr. Savage.

{¶16} Appellants' argument that appellee is not the holder of the notes and mortgages is not an issue absent evidentiary material that Mr. Savage is being

untruthful. Appellants' argument as to whether appellee is the real party in interest is subject to our review and warrants our analysis.

{¶17} Appellants argue because of the assignments to Wells Fargo, appellee is no longer entitled to enforce the instruments. Attached as Exhibit A to appellants' memorandum contra filed March 5, 2012 (as well as Defendants' Exhibit No. 4 from the hearing) is a form titled "Collateral Assignment of Open-End Mortgage." In this document, appellee assigned the mortgages and notes "as collateral" and granted to Wells Fargo a "security interest" in the notes and mortgages in exchange for "good and valuable consideration" contained in a loan agreement (line of credit) between appellee and Wells Fargo. Included in this document is the following language:

TOGETHER WITH the promissory note described in the Mortgage and the sums due and to become due thereon, with interest as described therein from and after the date of this Collateral Assignment.

Assignee shall have no obligation or duty to perform any of the obligations of the Assignor under the Mortgage, all of which shall remain the sole and exclusive duty and obligation of the Assignor.

{¶18} The assignments to Wells Fargo are clearly collateral assignments only. We find the reservation to appellee is sufficient to establish that appellee was the real party in interest who could execute on the notes and mortgages and had standing to bring the foreclosure action. Given the cited language, Wells Fargo was not a necessary party.

{¶19} Appellants further claim they had a verbal agreement with appellee to resolve the default conditions. Appellants argue appellee promised to forebear the pursuit of legal action in exchange for ongoing monthly payments and therefore promissory estoppel precludes foreclosure.

{¶20} "The party claiming the estoppel must have relied on conduct of an adversary in such a manner as to change his position for the worse and that reliance must have been reasonable in that the party claiming estoppel did not know and could not have known that its adversary's conduct was misleading." *Ohio State Board of Pharmacy v. Frantz,* 51 Ohio St.3d 143 (1990), 145.

{¶21} Appellee argues appellants did not plead promissory estoppel in their answer. We disagree. In their answer filed October 28, 2010, appellants claimed estoppel as their fourth defense. In addition, in their March 5, 2012 memorandum contra to appellee's motion for summary judgment, appellants argued promissory estoppel.

{¶22} It is appellants' position that after receiving written notices of default, appellee continued to accept their payments, including direct payments and indirect payments from the voluntary assignment of rent payments from tenants. T. at 41-43; P. Hines Affidavit. Appellee stopped accepting direct payments in February of 2010, but continued to accept the assignments of rent to cover the accruing monthly interest. T. at 42-43, 51; Defendants' Exhibit No. 24. Mr. Savage testified payments were forwarded from renters to appellee from July 2009 going forward, but they were not the entire payment and were sporadic. T. at 32. He then explained the reasoning behind appellee's refusal to accept further payments in February of 2010 (T. at 43):

She had been paying pursuant to a verbal agreement that we had. And we had asked for her to engage in a forbearance agreement with us so that we could memorialize it in terms of the payments, as well as bringing taxes current and some other items, which I can't speak to. I don't have the document here in front of me. But she refused to sign it. And the loans, I believe, had matured by this time.

So because she would not, you know, execute the forebearance agreement - - you know, execute the forebearance agreement and abide by all the terms and conditions of our agreement, yes, we notified her that the loan was still in default and that we were considering it due, and to pay in full.

{¶23} It was Mr. Savage's position that because the November 12, 2003 note had matured, appellee needed a formal written agreement going forward. T. at 48. An agreement was never executed. T. at 107, 138. The note executed on November 12, 2003 was to have matured on May 12, 2005. T. at 114. On September 21, 2005, appellants and Oak Hill Banks had entered into a modification agreement extending the maturity date to August 10, 2008 (T. at 116); therefore, without a formal extension, the note was due and owing on said date. On September 22, 2008, appellee sent appellants a letter notifying them that the note had matured and of the outstanding balance due and owing. T. at 129-133. On April 3, 2008, appellee had sent a letter to

appellants notifying them that they had defaulted under the other three notes and as a result, it was electing to accelerate the entire unpaid principal balances. T. at 126-128.

{¶24} There is evidence that in June of 2009 appellee sought to have a forbearance agreement memorialized. T. at 134. However, although numerous items were agreed to, no forbearance agreement was executed by appellants. T. at 107, 138. Appellants were given until November 6, 2009 to sign the forbearance agreement or appellee would enforce its legal rights to collect the outstanding debts. T. at 139. Despite the failure to sign the agreement, appellants kept forwarding payments. Via letter dated November 23, 2009 (Plaintiff's Exhibit No. 8), appellee informed appellants of the following (T. at 142-143):

Q. Okay. Now I want you to focus on the second paragraph. And I'll ask you whether or not DCR ever gave notice to Mr. Hines and Mrs. Hines that these payments that were received were sufficient to either reinstate the maturity of the loan or cure all events of default.

A. No. Paragraph two simply states that the loans will remain in default for failure to make the entire amount of the scheduled payments in a timely manner.

Q. Okay. And also, there is a section - - do you see that there's a section in that paragraph that talks about cures?

A. Yes, I see that.

Q. Could you read that into the record?

A. "Cure of the existing default requires payment of the entire outstanding principal balance, plus all accrued and unpaid interest, and acceptance by DCR of any lesser amount shall not affect a waiver of any claims, consent to any compromise, or estoppel to enforce any and all legal remedies against you."

{¶25} Despite the above language, no forbearance agreement was signed and the accelerated default was not cured.  T. at 146.

{¶26} Upon review, we concur with the trial court that promissory estoppel does not apply to facts sub judice.  The trial court was correct in granting summary judgment to appellee.

{¶27} The sole assignment of error is denied.

{¶28} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ William B. Hoffman_____

SGF/sg 426                                                         JUDGES

[Cite as *DCR, Mtge. IV SUB I, L.L.C. v. Hines Invests., L.L.C.*, 2013-Ohio-1970.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DCR, MORTGAGE IV SUB I, LLC | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HINES INVESTMENTS, LLC, ET AL. | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 12-CA-37 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed. Costs to appellants.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ William B. Hoffman_____

JUDGES